UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KEVIN FULLERTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18CV245 RLW |
| ) | |
| SMITH & NEPHEW, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Smith & Nephew, Inc.'s Rule 12(b)(2) Motion to Dismiss Plaintiff's Complaint (ECF No. 6). The motion is fully briefed and ready for disposition. Upon thorough consideration of the motion and related memoranda, the Court will grant Defendant's motion and dismiss this action for lack of personal jurisdiction.

## I. Background

Plaintiff filed this product liability cause of action in federal court alleging strict product liability and negligence against Defendant Smith & Nephew, Inc. ("Smith & Nephew" or "Defendant") in the design and manufacture of the Trigen Intertran Nail assembly ("device"), a medical device used to hold fractured bones in place. (Compl. ¶¶ 1, 5-16, ECF No. 1) Plaintiff asserts that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Missouri, Defendant is a citizen of Delaware and Tennessee, and the amount in controversy exceeds $75,000. (*Id.* at p. 1) Plaintiff also contends that the Court has personal jurisdiction over Defendant because Defendant sells medical devices throughout the United States, including the State of Missouri, and Defendant is authorized to do business and has a registered agent in Missouri. (*Id.*)

Specifically, Plaintiff alleges that he underwent an open reduction and internal fixation for treatment of a peritrochanteric fracture of his left hip on May 13, 2013 in Mountain Home, Arkansas. (*Id.* at ¶ 1) The procedure involved implanting Defendant's device. (*Id.*) Defendant posted a recall of the device on May 20, 2014. (*Id.* at ¶ 2) On November 6, 2014, Plaintiff was diagnosed with a hypertrophic non-union in the left hip with failed hardware after the rod of the device had broken in two, and the fracture had displaced. (*Id.* at ¶ 3) On January 15, 2015 in Cape Girardeau, Missouri, Plaintiff underwent surgery to remove the hardware, realign the fracture, and secure with a proximal femoral plate. (*Id.* at ¶ 4) On October 10, 2018, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Missouri seeking damages from the alleged defective device. Smith & Nephew filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) on November 2, 2018, arguing that it is not subject to personal jurisdiction in Missouri.

## **II. Legal Standards**

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, "a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support 'a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state.'" *Valez v. Portfolio Recovery Assocs.*, 881 F. Supp. 2d 1075, 1080 (E.D. Mo. 2012) (quoting *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation and citations omitted)). Where "'the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.'" *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th

Cir. 1991) (internal citations omitted)). However, the party seeking to establish personal jurisdiction carries the burden of proof, and that burden does not shift to the party that challenges jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted).

"Personal jurisdiction can be specific or general." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). Under the general jurisdiction theory, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004) (citation omitted). However, a corporation that simply operates in many places cannot be deemed at home in all those places for purposes of general jurisdiction. *Daimler AG v. Baumann*, 571 U.S. 117, 139 (2014).

Specific jurisdiction, on the other hand, requires the suit to arise out of or relate to the defendant's contacts with the forum state. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, (2017) (citing *Daimler*, 571 U.S. at 127). "'Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment.'" *Fastpath, Inc.*, 760 F.3d at 820 (quoting *Dairy Farmers of America, Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 475 (8th Cir.2012)). "Missouri has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution." *Helenthal v. Polk*, No. 4:08-CV-1791 CEJ, 2010 WL 546313, at *1 (E.D. Mo. Feb. 9, 2010) (citations omitted). Due process requires that minimum contacts exist between a nonresident defendant and the forum states such that the exercise of personal jurisdiction is

consistent with traditional notions of fair play and substantial justice. *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir. 2010) (citations omitted). "'Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there.'" *Id.* (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818 (8th Cir. 1994)). A defendant reasonably anticipates being haled into the forum state's court where the defendant performs some act by which it "'purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Bell Paper Box*, 22 F.3d at 818-19).

### III. Discussion

In its response in opposition to Defendant's motion to dismiss, Plaintiff concedes that the Court does not have general jurisdiction over Defendant because Missouri is not Smith & Nephew's home state. (ECF No. 9 ¶ 5) However, Plaintiff asserts that the Court has specific jurisdiction over Smith & Nephew because Defendant sought permission to do business in Missouri by registering with the Missouri Secretary of State. In addition, Plaintiff contends that Defendant committed a tortious act by injuring the Plaintiff with Defendant's device in Missouri. Specifically, Plaintiff argues that although the device was implanted in Arkansas, the tort occurred in Missouri when the device malfunctioned. (Fuller Aff. ¶¶ 1-3, ECF No. 9-2)

Defendant claims that engaging in the design, manufacture, distribution and sale of medical devices throughout the United States and Missouri is insufficient to confer specific personal jurisdiction over Defendant in Missouri. Likewise, Defendant argues that merely registering to do business within the State of Missouri and retaining a registered agent are not sufficient to establish personal jurisdiction. Finally, Smith & Nephew asserts that it did not commit a tortious act in Missouri because Plaintiff presents no evidence that the device failed in

4

Missouri, only that the subsequent surgery took place in Missouri. Defendant thus claims that exercising jurisdiction would violate its due process rights.

The Court finds that it lacks personal jurisdiction over Defendant Smith & Nephew such that dismissal under Federal Rule of Civil Procedure 12(b)(2) is warranted. Missouri law requires a court to "conduct two separate inquiries: one inquiry to establish if a defendant's conduct was covered by the long-arm statute, and a second inquiry to analyze whether the exercise of jurisdiction comports with due process requirements." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (citing *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010)).

Under Missouri's Long Arm Statute:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this state;
>
> (2) The making of any contract within this state;
>
> (3) The commission of a tortious act within this state;
>
> . . .

Mo. Rev. Stat. § 506.500.1.

Due process requires that minimum contacts exist between a nonresident defendant and the forum states such that the exercise of personal jurisdiction is consistent with traditional notions of fair play and substantial justice. *Wells Dairy*, 607 F.3d at 518 (citations omitted). The Eighth Circuit Court of Appeals has established a five-part test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction:

5

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties.

*Myers*, 689 F.3d at 911 (citations omitted).

Here, Plaintiff has failed to demonstrate that Defendant's conduct is covered by Missouri's Long Arm Statute and comports with due process. First, the mere presence of a registered agent in Missouri is insufficient to establish jurisdiction. *See Beard v. Smithkline Beecham Corp.*, No. 4:15-CV-1833 RLW, 2016 WL 1746113, at *2 (E.D. Mo. May 3, 2016) (agreeing with more recent judicial precedent from the United States Supreme Court and this district that have determined more substantial contacts than having a registered agent in the forum state are required to hale a litigant into the court's forum); *see also Addelson v. Sanofi*, No. 4:16CV01277 ERW, 2016 WL 6216124, at *4 (E.D. Mo. Oct. 25, 2016) ("Many states, including Missouri, require businesses to register with the Secretary of State and maintain a registered agent in the state. If these requirements create jurisdiction, national companies would be subject to suits in almost every state in the country. This would not comport with the principles of personal jurisdiction the Supreme Court established in *Daimler*.").

In his response in opposition to the motion to dismiss, Plaintiff acknowledges that registering to do business and maintaining a registered agent, alone, does not confer jurisdiction over Smith & Nephew. (ECF No. 9 ¶ 7) However, Plaintiff argues that Defendant committed a tortious act in Missouri when the device failed and Plaintiff's hip collapsed in September 2014. Plaintiff contends that he is able to meet all five factors in determining whether personal jurisdiction exists. In particular, Plaintiff claims that Defendant has a long standing history of conducting business in Missouri and sells an "enormous amount" of products in Missouri on a

daily basis. In addition, "Plaintiff, a Missouri resident, [is] being victimized and injured in Missouri by the Defendant's defective device." (ECF No. 9 ¶ 8)

The Court agrees with Defendant that Plaintiff has failed to meet his burden of proof that the Court has personal jurisdiction over Smith & Nephew. Simply stating that a company marketed, promoted, and sold a product in Missouri does not establish specific jurisdiction. *Keeley v. Pfizer, Inc.*, No. 4:15CV00583 ERW, 2015 WL 3999488, at *3 (E.D. Mo. July 1, 2015); *see also Goellner-Grant v. JLG Indus., Inc.*, No. 4:18CV342 SNLJ, 2018 WL 3036453, at *2 (E.D. Mo. June 19, 2018) (finding the presence of a distribution network in Missouri for defendant's product unrelated to the product at issue in the lawsuit was not relevant to this Court's specific jurisdiction inquiry because the existence of a distribution network did not result in the subject product's presence in Missouri). Indeed, "[t]he inquiry into specific jurisdiction does not focus on Plaintiff's contacts with the forum state, but Plaintiff's injury must be connected to Defendant's contacts with the forum state." *Keeley*, 2015 WL 3999488, at *3 (citation omitted).

Here, Plaintiff has failed to allege any facts connecting the failure of the medical device to Defendant's contacts with Missouri. While Plaintiff maintains that he was a resident of Missouri when the tort occurred, the medical device at issue was manufactured in Tennessee, shipped to Arkansas, sold in Arkansas, and implanted in Arkansas. Nothing in Plaintiff's Complaint or response in opposition disputes these facts. Further, Plaintiff presents conclusory allegations, not facts, stating that subsequent to Defendant posting a recall, the device failed and Plaintiff's hip collapsed in Missouri. Indeed, the Complaint is void of any specific facts indicating that the cause of action arises out of and relates to Defendant's activities in the State of Missouri. Plaintiff merely alleges that the medical device designed, manufactured, marketed,

and sold by Defendant was implanted in Arkansas; the device was defective; the device failed and injured Plaintiff; and Plaintiff underwent surgery in Missouri. (Compl. ¶¶ 1-4, ECF No. 1) None of the facts alleged by Plaintiff connect Smith & Nephew's conduct in Missouri to Plaintiff's injury. Therefore, the Court does not have specific personal jurisdiction over Plaintiff's claims, and the case must be dismissed under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Smith & Nephew, Inc.'s Rule 12(b)(2) Motion to Dismiss Plaintiff's Complaint (ECF No. 6) is **GRANTED.**

Dated this 8th day of May, 2019.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**